1

2

3

4

5

6                      UNITED STATES DISTRICT COURT

7                          DISTRICT OF NEVADA

8                                  * * *

9   UNITED STATES OF AMERICA,        )
                                     )
10               Plaintiff,          )        03:03-CR-00176-LRH-VPC
                                     )        03:06-CV-00733-LRH-VPC
11   v.                              )
                                     )        ORDER
12   GORDON TODD SKINNER,            )
                                     )
13               Defendant.          )
                                     )
14   _____)

15          Presently before the court is defendant Gordon Skinner's ("Skinner") Motion Pursuant to 28

16   U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (# 38[1]).

17   The United States of America has filed a Response (# 83), and Skinner replied (## 106).  Skinner

18   has also filed motions for appointment of counsel (# 82), discovery (# 85), and an evidentiary

19   hearing (# 89).  The United States of America has filed a Response (# 83).  Finally, Skinner has

20   filed numerous miscellaneous motions (## 86, 87, 88, 89, 90, 91, 92, 93, 95, 96, 97, 99, 100, 101,

21   102, 104, 107, 111, 113, 115), to which the United States has responded (## 98, 108).

22   **I. Factual and Procedural Background**

23          On September 3, 2003, Skinner was indicted by the grand jury for possession with intent to

24   distribute ecstacy in violation of 21 U.S.C. § 841(a)(1).  Skinner pled guilty to the offense on

25   _____

26          [1]Refers to the court's docket number.

March 22, 2004.  On June 21, 2004, this court sentenced Skinner to fifty months imprisonment - a sentence on the low end of the guideline recommendations.  Judgment was entered on June 22, 2004.  Skinner did not appeal his conviction.

Skinner filed the present § 2255 motion on December 4, 2006.   Skinner's motion sets forth the following grounds for relief: 1) his conviction was tainted due to the prosecution's failure to disclose favorable evidence; 2) the grand jury was corrupted by being shown tainted evidence and was corrupted by the motives of the Department of Justice ("DOJ"); 3) his conviction was obtained by a violation of his privilege against self incrimination, immunity violations, the motives of the DOJ and immunized information shown to the court; and 4) he was subjected to malicious prosecution due to a complaint he filed against an Assistant United States Attorney.

Skinner subsequently filed several letters (## 40, 41, 42, 44)  with the court indicating he wished to add claims for 5) ineffective assistance of counsel; 6) due process violations arising out of his grant of immunity; and 7) vindictive prosecution.

The court denied Skinner's § 2255 motion on April 12, 2007.  The court found Skinner's claims were untimely filed and barred by the one-year statute of limitations contained in 28 U.S.C. § 2255.  The court further noted that Skinner waived his right to appeal and that this waiver barred most of Skinner's claims.

The Ninth Circuit vacated the judgment and remanded the case to this court on January 30, 2008, in order to offer Skinner an opportunity to present his position on the court's finding that the § 2255 motion was untimely.  The Ninth Circuit further stated that the parties could address whether this court properly ruled sua sponte that the waiver in the plea agreement barred Skinner's claims for relief.  Since remand, Skinner's § 2255 motion has been fully briefed by the parties.

///

///

///

2

## II. Discussion

### A. Motion for Appointment of Counsel

Skinner has filed a motion for appointment of counsel.  Skinner is currently an inmate at the Dick Conner Correctional Center in Hominy, Oklahoma.  Skinner contends that the prison conditions and his lack of legal training warrant the appointment of counsel.  The United States opposes Skinner's motion arguing that Skinner is unlikely to succeed on the merits and that Skinner is able to present his contentions clearly, forcefully, and coherently

This court may appoint counsel for an impoverished habeas petitioner if it determines that the interests of justice so require.  18 U.S.C. § 3006A(a)(2)(B).  "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved."  *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (citations omitted).

In this case, the court finds that the appointment of counsel is not warranted.  Skinner's § 2255 motion has been fully briefed and submitted to this court.  Skinner has demonstrated his ability to clearly articulate his claims.  Furthermore, the court analyzed Skinner's motion in Section II(B) of this order and finds that it is time barred.  Thus, Skinner's motion for appointment of counsel will be denied.

### B. 42 U.S.C. § 2255

As previously mentioned, Skinner's § 2255 motion raises several alleged violations. However, the court must determine whether the petition is timely before it can address the merits of Skinner's motion.  The United States contends that the motion is untimely because Skinner did not file the motion before the one-year statute of limitations expired on July 7, 2005.  Furthermore, the United States argues that, even if the statute of limitations did not begin running until March 26, 2005, when Skinner alleges that he discovered new facts, the statute of limitations expired before

Skinner filed the current motion.  Skinner contends that this motion is timely because this is his

first opportunity to properly address the situation.  Skinner also alleges that various impediments

have prevented him from filing the motion within the one-year statute of limitations contained in 28

U.S.C. § 2255(f).

28 U.S.C. § 2255(a) provides,

> a prisoner in custody under sentence of a court established by Act of Congress claiming
> the right to be released upon the ground that the sentence was imposed in violation of
> the Constitution or laws of the United States, or that the court was without jurisdiction
> to impose such sentence, or that the sentence was in excess of the maximum authorized
> by law, or is otherwise subject to collateral attack may move the court which imposed
> the sentence to vacate, set aside or correct the sentence.

However, a defendant's motion is untimely if he does not file within one year from the latest of

four dates specified by the statute.  28 U.S.C. § 2255(f).

Two of these dates are relevant in the current case.  First, the limitation period may begin on

"the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255(f)(1).  Second,

the statute of limitations may begin from "the date on which the facts supporting the claim or

claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. §

2255(f)(4).  Skinner does not dispute that, under either scenario, the statute of limitations has

expired.  Under the first approach, judgment became final ten days after the court entered judgment

on June 22, 2004.  *See* R. App. P. 4(b)(1)(A).  Accordingly, the limitations period would have

ended on July 7, 2005.  *See id.*  Skinner clearly missed this deadline because he filed the current §

2255 motion on November 20, 2006, more than sixteen months following the end of the statutory

period.

Under the second approach, even if Skinner can demonstrate that he discovered new facts

after final judgment, Skinner's motion is still untimely.  Skinner argues that he discovered new

facts after sentencing which implicate improper use of past immunized testimony.  Specifically,

Skinner contends that he learned new facts from "DEA-6" forms and e-mails on March 26, 2005,

which demonstrate that there may have been a problem with his sentencing and his guilty plea.

4

Skinner also argues that he learned more information regarding immunized testimony through Kastigar hearings on May 25, 2005, August 8, 2005, August 9, 2005, and June of 2006. However, Skinner admits that he began asking about his Kastigar rights shortly after pleading guilty. Skinner admits to learning of facts relevant to his claim in March, May, and August of 2005. The fact that Skinner may have learned of new facts in June, 2006, to support a known claim that he could have previously discovered had he freely raised his claim does not restart the running of the limitations period. *See U.S. v. Segers*, 271 F.3d 181 (4th Cir. 2001). Thus, Skinner could have discovered the "new" fact earlier through the exercise of due diligence. *See* 28 U.S.C. § 2255(f)(4).

Consequently, Skinner's § 2255 motion is time barred unless the limitation period is tolled pursuant to the equitable tolling doctrine. According to a two pronged approach, equitable tolling applies to a defendant when 1) "he has been pursuing his rights diligently" and 2) "some extraordinary circumstances stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The court may apply equitable tolling "when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim." *Miles v. Prunty*, 187 F.3d 1104, 1007 (9th Cir. 1999). Furthermore, extraordinary circumstances must "make it impossible to file a petition on time." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). For the defendant, "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." *U.S. v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). Moreover, equitable tolling is used sparingly as it is "unavailable in most cases." *See Miles*, 187 F.3d at 1107.

As mentioned, equitable tolling requires a showing of an extraordinary circumstance that made it impossible to file a claim on time. For example, in *Lott v. Mueller*, the court held that equitable tolling may apply when a prisoner was denied access to legal files pertinent to his habeas petition for eighty-two days while on temporary transfers, and his petition was only seven or twenty days late. 304 F.3d 918, 924, 925-26 (9th Cir. 2002). Equitable tolling has also applied when the acts of prison personnel prevented the defendant from filing his motion on time. *Miles*, 187 F.3d at

5

1107.  A third example of extraordinary circumstances justifying equitable tolling occurred when

mental incompetency prevented a prisoner from assisting his attorney in filing a timely habeas

petition.  *Calderon v. U.S. Dist. Court for Cent. Dist. of California (Kelly)*, 163 F.3d 530, 541 (9th

Cir. 1998) (en banc).

On the other end of the spectrum, equitable tolling is not justified when a defendant cannot

demonstrate extraordinary circumstances or that he diligently pursued the claim.  In *Miranda*, an

attorney's negligence in calculating the statute of limitations for a habeas petition did not constitute

extraordinary circumstances.  292 F.3d at 1066-67.  In *Yang v. Archuleta*, the court held that a

prisoner, whose second language was English, did not demonstrate extraordinary circumstances

when he did not file his habeas petition by the statutory deadline because he did not understand the

legal process.  525 F.3d 925, 930 (10th Cir. 2008).  Furthermore, the defendant did not show that

he diligently pursued the claim when, instead of presenting any actions he took in furtherance of his

rights, he merely stated that his court-appointed attorney did not inform him of any time

requirements for further filing.  *Id.* at 4.

After carefully considering the law, facts, and both parties' arguments, the court finds

equitable tolling is not appropriate in this case.  Thus, Skinner's claims are barred by the one-year

statute of limitations contained in 28 U.S.C. § 2255(f).

The court arrives at this conclusion for several reasons.  First, Skinner's petition is either

three months or sixteen months late depending on the date used to calculate the limitations period.

Next, although Skinner contends that he was denied access to a legal library, mail, phone services,

and writing materials at various times during incarceration, he provides no evidence to demonstrate

he was actually denied these materials.  Unlike the defendant in *Lott*, 304 F.3d at 921, who

provided the court with a prison log and affidavit to show that he could not file his habeas petition

on time, Skinner merely averred in his pleadings that he intermittently had no access to resources

necessary to file his petition.  Moreover, Skinner did not provide an adequate time line to show

6

when he had no access to these materials.  Skinner did not state any dates when he allegedly had no access to resources or materials while he resided at the Oklahoma City Federal Transfer Center, the Tulsa County Jail, or Creek County Jail.  Moreover, Skinner admits he had access to materials at various times.  Thus, Skinner has not demonstrated that the alleged temporary denial of access of materials made it impossible to file his claim on time.

Skinner also cannot claim that his ignorance of the law is an extraordinary circumstance.  Like the defendant in *Yang* who unsuccessfully argued that his ignorance of the law precluded him from filing his habeas petition in a timely manner, Skinner's contention that he did not know about a § 2255 motion or the statute of limitations does not constitute extraordinary circumstances.  *See Yang*, 525 F.3d at 930.

Furthermore, Skinner does not show that he diligently pursued his rights because he did not establish any specific actions taken in pursuit of his petition.  Skinner admitted that he had access to a library for seven days after he was transferred to El Reno.  While Skinner stated that "he was finally making progress and that he had found much case law supporting his claims," he showed no specific actions taken in pursuit of his rights.  Skinner also did not account for what he had done when he had access to a "very small" legal library while he was incarcerated at El Reno.  Finally, Skinner did not show the court any specific actions taken before his writing and research materials were allegedly seized at the Tulsa County Jail.

Indeed, it appears that Skinner had several opportunities to pursue his § 2255 petition during incarceration before the statute of limitations expired.  However, Skinner did not take advantage of these opportunities.  Consequently, Skinner's § 2255 petition is untimely because he failed to file his habeas petition within the one-year statute of limitations and did not demonstrate any circumstances to justify equitable tolling.

### C. Motion for Discovery

Next, Skinner has filed motions for discovery (## 85, 97).  Skinners requests an order

7

requiring the Drug Enforcement Administration to produce an internal memorandum.  Skinner

argues that the memorandum contains evidence of obstruction of justice and a continuing

conspiracy against him.  Skinner also seeks the production of documents related to the

circumstances under which his attorneys have left his case due to a conflict of interest.  The United

States opposes the motion arguing Skinner is not entitled to relief because his motion is untimely,

he has procedurally defaulted on the claims he attempts to raise and his claims are without merit.

Habeas petitioners do not have a general right to discovery.  *Rich v. Calderon*, 187 F.3d

1064 (9th Cir. 1999).  Rather, the court has discretion to authorize a § 2255 petitioner to conduct

discovery if the petitioner demonstrates good cause.  Rules Governing Section 2255 Proceedings,

Rule 6(a).  Here, the court finds that Skinner has failed to demonstrate good cause.  As previously

discussed, Skinner's § 2255 petition is untimely.  Thus, the court has no occasion to reach the

merits of Skinner's contentions.

**D.  Motion to Send Plea Agreement**

Skinner has filed a motion (# 86) seeking a copy of his plea agreement.  In light of this

court's decision to deny Skinner's § 2255 motion, Skinner's motion seeking a copy of his plea

agreement will be denied as moot.

**E.  Motion for Identification of Female AUSA**

Skinner has filed a motion (# 87) seeking the identification of a female Assistant United

States Attorney ("AUSA") who declined to prosecute Skinner the day he was arrested.  Skinner

asserts that the AUSA is a witness to his *Kastigar* claim.  The United States opposes the motion

arguing that an initial decision by the United States Attorney's Office not to prosecute a case does

not bar the government from later deciding to prosecute this case.

As previously discussed, Skinner's § 2255 motion is time barred.  Skinner has not provided

good cause to support his discovery request.  *See* Rules Governing Section 2255 Proceedings, Rule

6(a).  The court cannot address the merits of any of Skinners § 2255 claims.  Thus, Skinner's

1   motion will be denied.

2   **F.  Motion to Seal Documents**

3   Skinner next moves this court to seal (# 88) DEA-6 forms that he attached to his reply

4   points and authorities.  Skinner contends that these forms are "DEA sensitive material," and he

5   does not wish to allow unnecessary access to them because they are evidence of a criminal

6   conspiracy against him.  The United States opposes the motion arguing Skinner has failed to show

7   the documents are sensitive so as to overcome the presumption in favor of access to records.  The

8   court agrees with the Government and finds no basis to seal these documents.  Similarly, Skinner

9   has provided no basis to seal additional documents in his motion to supplement (# 92).

10   **G.  Motion for Hearing**

11   Skinner has filed a motion for a *Kastigar* hearing (# 89).  The United States argues that a

12   *Kastigar* hearing is unwarranted because Skinner's claims are incredible and legally frivolous.  As

13   the court has determined the dismissal of Skinner § 2255 motion is appropriate, the court cannot

14   reach the merits of Skinner's *Kastigar* claim.  Thus, Skinner's motion for a *Kastigar* hearing will

15   be denied.

16   **H.  Motion for Production of Case Law**

17   Skinner has filed a motion (# 91) seeking a copy of the case law contained in the

18   Government's opposition to his § 2255 motion.  Skinner states that he does not have access to

19   Ninth Circuit case law as an inmate in the Oklahoma Department of Corrections.  Skinner's request

20   will be denied.  Skinner has failed to provide competent evidence demonstrating he does not have

21   access to the federal reporter or some other means of obtaining case law.

22   **I.  Motion for Leave to Exceed Page Limit**

23   Skinner has filed three motions to exceed the page limit for his reply points and authorities

24   (## 93, 107, 111).  The court admonishes Skinner not to duplicate his filings.  Although the court

25   agrees with the Government that a lengthy filing is unnecessary, the court will grant Skinner's

26

motion in light of his pro se status.  The court has fully considered Skinner's reply points and authorities.

### J.  Motion for Casemade

The next motion before the court is Skinner's request for casemade (# 95).  In his motion, Skinner asks the court to provide him with all the filings in this case.  In light of the court's decision that Skinner's § 2255 motion is time barred, the court will deny the motion.

### K.  Motion for Transcripts

Skinner has filed a motion (# 96) requesting certain transcripts.  The court will deny the motion as Skinner's § 2255 action is time barred.

### L.  Motions for Production of All Documents

Skinner next seeks the production of various correspondences.  As discussed more fully in Section II(C), Skinner has failed to show good cause.  As a result, Skinner's request will be denied.

### M.  Motion to Supplement the Record

Skinner has filed a motion to supplement the record (# 102) with *Kastigar* motions that were filed in a different case.  In light of the court's ruling that Skinner's § 2255 motion is time barred, the court will deny Skinner's motion.

### N.  Motion to Supplement Reply with Exhibits

Skinner's next motion (# 113) seeks to supplement his reply points and authorities with various exhibits.  One of the exhibits Skinner wishes to attach allegedly relates to Skinner's claim that his communications were impeded because he was unable to use a telephone or purchase stamps.  As a result, the court will grant Skinner's motion.  The court has fully considered the relevant evidence presented in ruling on Skinner's § 2255 motion.

### O.  Motion for Copy of the Local Rules

Finally, Skinner has made several requests and has filed a motion (# 115) for a copy of the Local Rules of Practice.  In light of the court's dismissal of Skinner's § 2255 motion, the court will

1  deny Skinner's request for a copy of the local rules.

2      IT IS THEREFORE ORDERED that Skinner's Motion Pursuant to 28 U.S.C. § 2255 to

3  Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (# 38) is hereby DENIED.

4      IT IS FURTHER ORDERED that Skinner's Motion for Appointment of Counsel (# 82) is

5  hereby DENIED.

6      IT IS FURTHER ORDERED that Skinner's motions for discovery (# 85, 97) is hereby

7  DENIED.

8      IT IS FURTHER ORDERED that Skinner motion (# 86) seeking a copy of his plea

9  agreement is hereby DENIED as moot.

10     IT IS FURTHER ORDERED that Skinner's Motion for Identification of Female AUSA (#

11  87) is hereby DENIED.

12     IT IS FURTHER ORDERED that Skinner's Motion to Seal Documents (# 88) is hereby

13  DENIED.

14     IT IS FURTHER ORDERED that Skinner's Motion for Kastigar Hearing (# 89) is hereby

15  DENIED.

16     IT IS FURTHER ORDERED that Skinner's Motions for Time (## 90, 104) are hereby

17  GRANTED.  The court has fully considered Skinner's points and authorities.

18     IT IS FURTHER ORDERED that Skinner's Motion for Production of Case Law (# 91) is

19  hereby DENIED.

20     IT IS FURTHER ORDERED that Skinner's Motion to Supplement Motion to Seal

21  Documents (# 92) is hereby DENIED.

22     IT IS FURTHER ORDERED that Skinner's Motions to exceed the page limit (## 93, 107,

23  111) are hereby GRANTED.

24     IT IS FURTHER ORDERED that Skinner's Request for Casemade (# 95) is hereby

25  DENIED.

26

IT IS FURTHER ORDERED that Skinner's Motion for Transcripts (# 96) is hereby DENIED.

IT IS FURTHER ORDERED that the Government's Motion for Time (# 99) is hereby GRANTED.  The court has fully considered the Government's points and authorities.

IT IS FURTHER ORDERED that Skinner's Motions for Production of All Correspondence (## 100, 101) are hereby DENIED.

IT IS FURTHER ORDERED that Skinner's Motion to Supplement the Record (# 102) is hereby DENIED.

IT IS FURTHER ORDERED that Skinner's Motion to Supplement Reply (# 113) is hereby GRANTED.

IT IS FURTHER ORDERED that Skinner's Motion for a Copy of the Local Rules (# 115) is hereby DENIED.

IT IS SO ORDERED.

DATED this 11th day of June, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE